EASTERN DIS.
*February,* 1834.

SPURRIER
*vs.*
SHELDON
ET AL.

## SPURRIER *vs.* SHELDON ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where defendant was obligated to deliver certain articles to the plaintiff, and the latter in his letter requested the former to hasten the shipment of the articles, and this letter was on the trial produced by the defendant, held that the latter was thereby put in default.

This was an action brought by plaintiff, a painter and glazier in the town of Louisville, Kentucky, against defend-ants for breach of an alleged contract to furnish plaintiff

with a large quantity of spirits of turpentine, whiting and paint.

The defendants allege that they made only a conditional contract, viz: to furnish the articles if they could procure them.

The foundation of plaintiff's claim is a bill of parcels, in which it is stated that plaintiff had bought of defendants various articles which were delivered to him.

The bill adds, under the title of articles to be sent, twenty barrels of spirits of turpentine, at forty cents; four thousand pounds Spanish whiting, one and a fourth cents; one cask Venetian red, six cents: probable amount, three hundred and fifty-one dollars.

In a recapitulation, this sum is charged to plaintiff, and a balance struck against him of one hundred and twenty-six dollars and seventy-six cents. This bill is dated January, 1828.

Plaintiff proved that he was at that time, (1828) the only painter and glazier in Louisville, and made large profits upon the re-sale of these articles; that the quantity, particularly of turpentine, was very large, and was to be his principal supply for the summer.

That he could not supply his customers, and lost the profits.

The defendants allege that it was not a positive contract, but that they expected to receive the articles in their annual supply of goods, and if so, they were to furnish them. That the expression in the bill of parcels, of articles to be sent and probable amount of costs, establish this construction of the contract.

There are various letters between the parties in evidence; the plaintiff claims a cash balance of two hundred and sixteen dollars, and defendants admit one of one hundred and twenty-five dollars, which has been tendered.

The case was submitted to a jury, who found a verdict of five hundred dollars for plaintiff.

There was a motion for a new trial, on the grounds, that

1. There was no evidence of any contract by which defendants bound themselves to furnish the articles.

Eastern Dis.
*February*, 1833.

SPURRIER
*vs.*
SHELDON
ET AL.

**2.** That the contract was only conditional, and it was through no fault of defendants, which prevented their sending the articles.

**3.** That no damages can be claimed, there being no evidence of defendants being in default.

**4.** Inasmuch as the contents of the letters of defendant, introduced in evidence, and charged to be taken as true, unless rebutted, were entirely overlooked.

The motion was overruled, and the defendants appealed.

MARTIN, J., delivered the opinion of the court.

The defendants in this case resisted the plaintiff's claim for damages, on the breach of a contract to furnish a supply of spirits of turpentine, whiting and paint, on a suggestion that the contract they entered into was not an absolute or positive one to deliver these articles, but to ship them if they could be procured; that they used, unsuccessfully, their utmost efforts to procure them; lastly, that they never were legally put *in morâ.* There was a verdict and judgment against them, and they made a vain attempt to obtain a new trial and appealed.

In this court the plaintiff's counsel has urged, that the verdict and the opinion of the district judge in refusing the new trial, legally made to the two first suggestions of the defendants, and an examination of the evidence, has induced the opinion, that it is not our duty to disturb the verdict.

*Where defendant was obligated to deliver certain articles to the plaintiff, and the latter in his letter requested the former to hasten the shipment of the articles, and this letter was on the trial produced by the defendant, held that the defendant was thereby put in default.* Letters of the plaintiff's to the defendants, (introduced by the latter) to hasten the shipment of the articles, establishes the demand in writing, required by the *Louisiana Code*, 1905, to put the party *in morâ.*

The defendants have complained the damages awarded by the jury were excessive. This objection was presented among others, to the inferior judge, on the motion for a new trial, and we do not think he erred in disregarding it.

It is therefore, ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Schmidt* and *Sterrett*, for defendants and appellants.

*Benjamin*, contra.